IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 17–cv–01563–KMT

GALIN IVANOFF, an individual,

    Plaintiff,

v.

JENNIE ALISON SCHMIDT, an individual,

    Defendant.

---

# ORDER

---

This case comes before the court on the "Motions to Dismiss for (1) Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1); or Alternatively to Dismiss (2) Pursuant to the Doctrines of Res Judicata and Waiver." (Doc. No. 14 [Mot.], filed August 25, 2017.) Plaintiff filed his Response on September 15, 2017 (Doc. No. 23 [Resp.]), and Defendant filed her Reply on October 6, 2017 (Doc. No. 27 [Reply]).

## STATEMENT OF THE CASE

Plaintiff filed this case on June 26, 2017, asserting this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and federal immigration law, specifically 8 U.S.C. § 1183a(e)(I) (*See* Doc. No. 1, Verified Complaint [Compl.], ¶ 3.) Plaintiff asserts a claim for Breach of Contract of a Form I-864, Affidavit of Support ("Form I-864"), "which was mandated by Congress to ensure that certain classes of immigrants to the United States would be guaranteed a level of support necessary to meet basic human needs." (*See* Doc. No. 1, Verified Complaint [Compl.], ¶¶ 1, 14.)

In mandating the form, Congress required visa sponsors, rather than the American people, to serve as a safety net to new immigrants." (*Id.*, ¶ 1.)

Plaintiff is a citizen of Bulgaria who married Defendant on July 31, 2012. (*Id.*, ¶¶ 27–28.) Defendant executed and filed with the U.S. Citizenship and Immigration Services ("USCIS") a Form I-130, Petition for Alien Relative, listing Plaintiff as the intending immigrant beneficiary. (*Id.*, ¶ 29; Ex. 3.) Concurrently with Ms. Schmidt's filing of the Form I-130 petition, and based on that petition, Plaintiff filed a Form I-485, Application to Adjust Status with USCIS. (*Id.*, ¶ 31; Ex. 3.) Defendant also filed the Form I-864 with USCIS in support of Plaintiff's Form I-485 Application. (*Id.*, ¶¶ 33–34; Ex. 1.) Defendant's support duty under the Form I-864 was subject to the condition precedent that Plaintiff gain status as a Lawful Permanent Resident ("LPR"). (*Id.*, ¶ 35.) Plaintiff's Form I-485 Application was approved by USCIS on December 5, 2012, and Plaintiff was granted status as an LPR of the United States on December 5, 2012. (*Id.*, ¶¶ 36–37; Ex. 2 & Ex. 4.)

The parties divorced on September 23, 2016. (*Id.*, ¶ 39; Ex. 5.) The decree of dissolution incorporated by reference a Memorandum of Understanding ("MOU") executed by the parties on August 30, 2016. (*Id.*, ¶ 40; Ex. 5 at 2; Ex. 6.) Plaintiff claims that he waived any claims for maintenance, but did not waive any rights under the Form I-864. (*Id.*, ¶ 41; Ex. 6.) Plaintiff states that none of the Terminating Events set forth in the Form I-864 have occurred, yet Defendant has failed to provide Plaintiff with financial support as required. (*Id.*, ¶¶ 42, 49.)

# STANDARDS OF REVIEW

## A.     *Lack of Subject Matter Jurisdiction*

Federal Rule of Civil Procedure Rule 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909. The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that dismissals for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a disposition on the merits which a court lacking jurisdiction may not render).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may

not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.*

**ANALYSIS**

Defendant argues this Court does not have subject matter jurisdiction over Plaintiff's breach of contract claim because it is premised on a Form I-864 Affidavit of Support. (*See* Mot. at 5–8.)

A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim "arising under" the United States Constitution or laws. *Bell v. Hood*, 327 U.S. 678–81, 685 (1946). However, a claim "arises under" the laws of the United States when "federal law creates the right of action and provides the rules of decision." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 377 (2012).

The Tenth Circuit has not specifically addressed the issue of whether federal district courts have subject matter jurisdiction over actions premised upon Form I-864 Affidavits of support.[1] Defendant relies, in part, on *Winters v. Winters*, 6:12–CV–536–ORL–37, 2012 WL 1946074 (M.D. Fla. May 30, 2012), which determined the court did not have subject matter jurisdiction over an action for support under a Form I-864. The District Court in *Winters* adopted and incorporated the magistrate judge's recommendation, which stated:

---

[1] Plaintiff argues that two circuit courts have held that federal courts have federal question jurisdiction over claims to enforce I-864 forms. (*See* Resp. at 5.) However, the Circuit Courts in *Wenfang Liu v. Mund*, 686 F.3d 418, 420 (7th Cir. 2012), as amended (July 27, 2012), and *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007), did not analyze the contents of the Form I-864 itself. *See infra.*

> While the Court agrees that [Plaintiff] has a cause of action, there is no showing that this Court has jurisdiction over her claim as the basis of the claim is the contract contained in the Form, not any provision of the federal statute itself.
>
> Plaintiff relies on 8 U.S.C. § 1183a(e)(I), which provides:
>
> e) Jurisdiction
> An action to enforce an affidavit of support executed under subsection (a) of this section may be brought against the sponsor *in any appropriate court*—
> (1) by a sponsored alien, with respect to financial support;…

(Mot., Ex. B, Report and Recommendation from *Winters v. Winters*, at 4 [emphasis in original].) As noted by the court in *Winters*, this statutory provision does not provide that an action by a sponsored alien may be brought "in the United States District Courts," but, rather, directs a plaintiff to "the appropriate court." *Id.* The *Winters* court also examined the affidavit itself, which states in relevant part:

> I acknowledge that section 21114(0)(1)(8) of the Act grants the sponsored immigrant(s) and any Federal, State, local, or private agency that pays any means-tested public benefit to or on behalf of the sponsored immigrant(s) standing to sue me for failing to meet my obligations under this affidavit of support. I agree to submit to the personal jurisdiction of any court of the United States or of any State, territory, or possession of the United States if the court has subject matter jurisdiction of a civil lawsuit to enforce this affidavit of support.

(*Id.* at 4–5.) The *Winters* court determined that in light of this language in the affidavit of support, § 1183a(e)(I) is not an explicit grant of jurisdiction in the federal courts. (*Id.* at 4.)

The court's decision in *Gensplit Finance Corp. v. Foreign Credit Insurance Association*, 616 F. Supp. 1504, 1506–07 (E.D. Wis. 1985), is instructive. In *Gensplit Finance Corp.*, the court found that in determining whether a claim arises under federal law, plaintiff's complaint should be the sole consideration. *Id.* at 1506. In *Gensplit*, the complaint asserted a breach of contract claim based on state law. *Id.* Although the complaint mentioned and was based on the statutory authority granted to the defendant bank and its agents to operate under the Foreign

5

Credit Insurance Association, the court found that simply because Congress authorized the export insurance program, it did not mandate that all breach of contract actions should be considered arising under federal law. *Id.* at 1507. The court explained that such a mandate would constitute a strained interpretation of section 1331. *Id.* The court found that in order for a claim to "arise under" federal law, it is necessary that the complaint "establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Id.* (citations omitted). The court found that its consideration should be whether the success of the plaintiff's breach of contract claim depends in some way upon the resolution of a substantial question of federal law, and in that case it clearly did not. *Id.* Accordingly, the court held that the plaintiff's claim did not arise under federal law and jurisdiction did not lie in federal district court by way of § 1331. *Id.*

Just as in *Gensplit*, although the complaint in this case is based on the statutory authority granted under 8 U.S.C. § 1183a to a enforce a Form I-864, that statute does mandate that all breach of contract actions asserted under the statute should be considered arising under federal law. Just as in *Gensplit*, the success of Plaintiff's breach of contract claim in this case does not depend in some way upon the resolution of a substantial question of federal law.

As such, Plaintiff's breach of contract claim does not arise under federal law, and this Court does not have subject matter jurisdiction pursuant to § 1331. *See also See also Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908) (holding that plaintiffs' cause of action was based on state law breach of contract rather than a cause of action "based upon [federal] laws or [the federal] Constitution"). *See also Gully v. First Nat'l Bank in Meridian*, 299 U.S.

109 (1936); *Didde Graphic Sys. Corp. v. Foreign Credit Ins. Ass'n*, No. CIV.A. 87–2017–S, 1987 WL 18688, at *1 (D. Kan. May 1, 1987).

## CONCLUSION

Wherefore, for the foregoing reasons, it

**ORDERED** that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. No. 14) is **GRANTED**. It is further

**ORDERED** that this case is dismissed without prejudice. It is further

**ORDERED** that judgment shall enter in favor of Defendant and against Plaintiff on all claims for relief and causes of action asserted in this case. It is further

**ORDERED** that Defendant is awarded her costs to be taxed by the Clerk of Court in the time and manner prescribed by Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1. It is further

**ORDERED** that this case is **CLOSED**.

Dated this 23rd day of March, 2018.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge